UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE COMPANY,
a foreign corporation,

Plaintiff,

vs

VALENTINE INVESTMENTS, L.L.C.,
PRODUCTION PLATING, INC., a Michigan
corporation, JONATHAN and PAULETTE EGLE,
UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY, M. L. CHARTIER, INC., a Michigan
corporation, CITY OF EASTPOINTE, and GLOBE MIDWEST/
ADJUSTERS INTERNATIONAL, a Michigan corporation,

Defendants.

Civil No. 00-70189
Hon. Bernard A. Friedman

---

Alan G. Gregory (P28486)
Attorney for Plaintiff
Gregory and Meyer, P.C.
340 East Big Beaver, Suite 520
Troy, Michigan 48083
(248) 689-3920

Beth S. Gotthelf (P38951)
Attorney for City of Eastpointe
2000 Town Center, Suite 1500
Southfield, MI 48075
(248) 351-3590

Sheila H. Gaskell (P45743)
U.S. Dept. of Justice
U.S. Attorney's Office
Attorneys for Defendant, United States
Environmental Protection Agency
211 West Fort Street, Suite 2300
Detroit, Michigan 48226
(313) 226-9501

Robert J. Hribar (P15195)
Attorney for City of Eastpointe
16931 Nineteen Mile Road
Clinton Township, Michigan 48038
(810) 263-1600

Timothy S. Ferrand (P38583)
Co-Counsel for City of Eastpointe
Cummings, McClorey, David & Acho
25509 Kelly Road, Suite C
Roseville, Michigan 48066
(810) 775-5200

Christine Liszewski
Associate Regional Counsel for Defendant
U. S. Environmental Protection Agency
Mail Code C-14J
77 West Jackson Boulevard
Chicago, Illinois 60604
(312) 886-4670

176

Robert M. Carson (P11682)
Michelle C. Didorosi (P48768)
Kirk C. Herald (P60657)
Attorneys for Defendants,
Valentine Investments, L.L.C.,
Production Plating, Inc. and
Jonathan and Paulette Egle, Only
Carson Fischer, P.L.C.
300 East Maple Road, Third Floor
Birmingham, Michigan 48009
(248) 644-4840

Sonja L. Peterson
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
(202) 514-5293

Mark L. Dailey (P28793)
Attorney for Defendant Globe Midwest/
Adjusters International
Melamed & Dailey, P.C.
26611 Woodward Avenue
Huntington Woods, Michigan 48070
(248) 591-5000

Stanley A. Prokop (P19114)
Attorney for Transportation Insurance Co.
Plunkett & Cooney
243 W. Congress, Suite 800
Detroit, MI 48226
(313) 983-4816

Peter A. Jackson (P35528)
Peter D. Holmes (P41000)
Edward J. Hood (P42953)
Co-Counsel for Defendant,
M.L. Chartier, Inc.
Clark Hill, PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300

Mark A. Fullmer (P48509)
David C. Devendorf (P25255)
Attorneys for Defendant,
M. L. Chartier, Inc.
Davidson, Staiger and Hill, P.C.
901 Huron Avenue
Port Huron, Michigan 48060
(810) 985-8171

## MOTION FOR PARTIAL SUMMARY JUDGMENT
## BY PRODUCTION PLATING, INC., VALENTINE INVESTMENTS, L.L.C.,
## AND JONATHAN and PAULETTE EGLE AGAINST
## TRANSPORTATION INSURANCE COMPANY

Defendants, PRODUCTION PLATING, INC. ("PPI"), VALENTINE INVESTMENTS,

L.L.C. ("Valentine"), and JONATHAN and PAULETTE EGLE (the "Egles" and, jointly with PPI

-2-

and Valentine, the "PPI Defendants"), through their counsel, submit this Motion for Partial Summary Judgment against Transportation Insurance Company ("Transportation"), for consideration by the Court.

1.     As this Court is aware, as background, instead of paying the Limit of Insurance to PPI Defendants outright as required by the Insurance Policy (as defined below), Transportation filed this interpleader action (*See*, attached Exhibit "A" to the Brief in Support of this Motion, the "Complaint") against PPI Defendants seeking to be discharged from any further obligation under the Insurance Policy and joined several parties with no right to the insurance funds as having "potentially" some claim to the proceeds.

2.     Although Transportation deposited the property damage Limit of Insurance amount with the Court, Transportation then refused to pay PPI Defendants the (1) the "Inflation Guard Payment" (as defined below); and (2) $40,000.00 in undisputed remaining amounts due the PPI Defendants for certain property damage claims.[1] Transportation has also declared that any payments, when made, would be deposited with the Court, even though the escrow account originally established by the Court has been closed.

3.     Effective as of October 17, 1998, PPI was the named insured on a blanket limit general commercial insurance policy, Policy #MA-136720400 (excerpted and attached as Exhibit

---

[1] Transportation does not dispute that the $40,000.00 payment is due PPI Defendants, but to date has refused to pay that amount to them. Transportation has stated it would only pay that amount if PPI Defendants would agree to strike certain paragraphs from their counterclaim against Transportation, and that the amount would be escrowed with the Court. *See*, Exhibit "B," Letter from Counsel for Transportation dated June 5, 2000.

"C" to the Brief in Support of this Motion and incorporated herein by reference, the "Insurance Policy").

4.      The Insurance Policy covered the building and personal property located at 23120 Gratiot Avenue, Eastpointe, Michigan at the time of the fire on October 12, 1999, subject to a blanket combined building/personal property Limit of Insurance (as defined in the Insurance Policy) of $3,066,000.00.

5.      In Section G, subsection 2, the Insurance Policy defines the Inflation Guard coverage payable by Transportation, which is calculated based on the Limit of Insurance stated in the Policy.

6.      In this case, the applicable Limit of Insurance was $3,066,000, the annual percentage rate stated in the Declarations is 8%, and the number of days since the beginning of the policy year was 360 days. As a result, the amount due to PPI Defendants for the Inflation Guard Payment under the formula (and per the example contained in the Insurance Policy) is $241,920.

7.      Even though the calculations are clear under the terms of the Insurance Policy, and PPI has submitted a Sworn Statement in Proof of Loss detailing PPI's loss which is substantially in excess of the Limit of Insurance, Transportation has refused to pay the amount due, even though repeated demands have been made for payment.

8.      On February 9, 2000, the Court entered an order that allowed Transportation to deposit the $3,066,000 Limit of Insurance with the Court in an escrow account (less a $200,000 advance previously made to PPI). Then, on February 11, 2000, a distribution from the escrow account was made to Comerica Bank in settlement of the amounts due Comerica in the amount of $2,223,045.51, by stipulated order. Then, on May 10, 2000, after having determined that only the

-4-

PPI Defendants were entitled to the insurance proceeds, the Court ordered that the remaining amounts in the escrow account, with the exception of $250,000 to pay for the demolition of PPI's damaged building, be paid immediately to PPI Defendants. On June 21, 2000, after the demolition was complete, $150,000 of the escrowed amount was paid to the demolition contractor, with the remainder paid to the PPI Defendants. Counsel for PPI Defendants was then advised that the escrow account was closed.

9.     This Court should proceed to enforce the Insurance Policy as written and pursuant to the clear, plain meaning of the defined terms of the Policy. As stated above, the Inflation Guard Payment is calculated by using a formula stated in the Insurance Policy. The parties agree that the interest rate is 8% and that the number of days relevant to the formula is 360 days.[2] Necessary to complete the computation, a determination must also be made regarding the amount which represents the "Limit of Insurance." There is only one "Limit of Insurance" in the Insurance Policy: $3,066,000, and no genuine issue of material fact exists and this Court should proceed to enter partial summary judgment in favor of the PPI Defendants.

10.     Transportation itself has acknowledged in writing that $40,000[3] is due and payable to PPI Defendants, but has refused to pay the amount due until PPI Defendants agree to strike certain

---

[2]

The fire took place on October 12, 1999 – 5 days before the expiration of the Insurance Policy.

[3]

Although Transportation claims that only $40,000 remains payable to PPI Defendants for PPI's property damage claims, PPI Defendants are seeking to verify whether the payment of that amount will satisfy PPI's property damage claims in full. However, this Court should proceed to order that the $40,000 which Transportation acknowledges it owes to PPI Defendants be paid immediately, without prejudice to any rights or claims of PPI Defendants under the Insurance Policy.

paragraphs from their counterclaim. Certainly, there is no such requirement in the Insurance Policy. Also, Transportation has stated that, even if the payment was made, that they would make the payment into the court escrow account instead of to PPI Defendants directly. To direct any payment under the policy due to the PPI Defendants through the Court would serve no purpose whatsoever other than to force PPI Defendants to incur additional legal expenses and burden the Court with motions and orders to retrieve the funds from escrow – even though PPI Defendants have been entitled to the payment outright since last year. This Court should immediately proceed to enter an order that the $40,000 (as well as the Inflation Guard Payment) be paid immediately to PPI Defendants directly. Again, no material factual dispute exists as to the payment of this amount, and this Court should appropriately enter summary judgment in favor of the PPI Defendants.

11.    PPI Defendants have repeatedly requested the concurrence of Transportation to the relief requested herein but such concurrence has been denied.

For all of the foregoing reasons, PPI Defendants respectfully request that this Court issue an order that:

A.    Grants partial summary judgment to the PPI Defendants on the Complaint of Transportation pursuant to Fed.R.Civ.P. 56;

B.    Requires Transportation to pay directly to PPI Defendants the sum of $241,920 and $40,000, for a total due the PPI Defendants of $281,920, in payment of the Inflation Guard Payment and the undisputed portion of the remaining property damages claims payments due, plus interest at the judgment interest rate from the date of the claim for such payment until payment is made, and plus a reasonable attorney fee of

-6-

$1,500.00 for having to pursue payment through this Motion, along with any other relief this Court considers appropriate under the circumstances.

<div style="margin-left: 40%">

Respectfully Submitted,

*Michelle C. Didorosi*

Robert M. Carson (P11682)
Michelle C. Didorosi (P48768)
Kirk C. Herald (P60657)
Attorneys for Defendants,
Valentine Investments, L.L.C.,
Production Plating, Inc. and
Jonathan and Paulette Egle, Only
300 East Maple Road, Third Floor
Birmingham, Michigan 48009
(248) 644-4840

</div>

Date: September 13, 2000

-7-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE COMPANY,
a foreign corporation,                                                Civil No. 00-70189
                                                                      Hon. Bernard A. Friedman
                    Plaintiff,

vs

VALENTINE INVESTMENTS, L.L.C.,
PRODUCTION PLATING, INC., a Michigan
corporation, JONATHAN and PAULETTE EGLE,
UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY, M. L. CHARTIER, INC., a Michigan
corporation, CITY OF EASTPOINTE, and GLOBE MIDWEST/
ADJUSTERS INTERNATIONAL, a Michigan corporation,

                    Defendants.

---

Alan G. Gregory (P28486)
Attorney for Plaintiff
Gregory and Meyer, P.C.
340 East Big Beaver, Suite 520
Troy, Michigan 48083
(248) 689-3920

Beth S. Gotthelf (P38951)
Attorney for City of Eastpointe
2000 Town Center, Suite 1500
Southfield, MI 48075
(248) 351-3590

Sheila H. Gaskell (P45743)
U.S. Dept. of Justice
U.S. Attorney's Office
Attorneys for Defendant, United States
Environmental Protection Agency
211 West Fort Street, Suite 2300
Detroit, Michigan 48226
(313) 226-9501

Robert J. Hribar (P15195)
Attorney for City of Eastpointe
16931 Nineteen Mile Road
Clinton Township, Michigan 48038
(810) 263-1600

Timothy S. Ferrand (P38583)
Co-Counsel for City of Eastpointe
Cummings, McClorey, David & Acho
25509 Kelly Road, Suite C
Roseville, Michigan 48066
(810) 775-5200

Christine Liszewski
Associate Regional Counsel for Defendant
U. S. Environmental Protection Agency
Mail Code C-14J
77 West Jackson Boulevard
Chicago, Illinois 60604
(312) 886-4670

Robert M. Carson (P11682)
Michelle C. Didorosi (P48768)
Kirk C. Herald (P60657)
Attorneys for Defendants,
Valentine Investments, L.L.C.,
Production Plating, Inc. and
Jonathan and Paulette Egle, Only
Carson Fischer, P.L.C.
300 East Maple Road, Third Floor
Birmingham, Michigan 48009
(248) 644-4840

Sonja L. Peterson
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
(202) 514-5293

Mark L. Dailey (P28793)
Attorney for Defendant Globe Midwest/
Adjusters International
Melamed & Dailey, P.C.
26611 Woodward Avenue
Huntington Woods, Michigan 48070
(248) 591-5000

Stanley A. Prokop (P19114)
Attorney for Transportation Insurance Co.
Plunkett & Cooney
243 W. Congress, Suite 800
Detroit, MI 48226
(313) 983-4816

Peter A. Jackson (P35528)
Peter D. Holmes (P41000)
Edward J. Hood (P42953)
Co-Counsel for Defendant,
M.L. Chartier, Inc.
Clark Hill, PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300

Mark A. Fullmer (P48509)
David C. Devendorf (P25255)
Attorneys for Defendant,
M. L. Chartier, Inc.
Davidson, Staiger and Hill, P.C.
901 Huron Avenue
Port Huron, Michigan 48060
(810) 985-8171

---

## BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## BY PRODUCTION PLATING, INC., VALENTINE INVESTMENTS, L.L.C.,
## AND JONATHAN and PAULETTE EGLE AGAINST
## TRANSPORTATION INSURANCE COMPANY

## TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF CONTROLLING AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

INDEX OF EXHIBITS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

    A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

    B.    The Inflation Guard Payment is Defined by the Insurance Policy, and this Court Should Render Partial Summary Judgment in Favor of PPI Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    C.    Any Ambiguity in the Insurance Policy Language Must be Construed Against Transportation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    D.    There is No Dispute that the $40,000 is Immediately Due to PPI Defendants and No Basis Exists to Pay Any Amounts Into Escrow. . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

**Page(s)**

**Cases:**

*Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). . . . . .5,6

*Calpetco 1981* v. *Marshall Exploration, Inc.*, 989 F.2d 1408 (5th Cir. 1993) . . . . . . . . . . . . . . . . 6

*Celotex Corp.* v. *Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) . . . . . . . . . . . . .6

*Cochran* v. *Ernst & Young*, 758 F.Supp. 1548 (E.D. Mich. 1991). . . . . . . . . . . . . . . . . . . . . . . . . 7

*Comerica Bank* v. *Lexington Insurance Co.*, 3 F.3d 939 (6th Cir. 1996). . . . . . . . . . . . . . . . . . . . 7

*Commercial Movie Rental, Inc.* v. *Larry Eagle, Inc.*, 738 F.Supp. 227 (W.D.Mich. 1988). . . . . . 7

*Cook* v. *Little Caesar Enterprises, Inc.*, 972 F.Supp. 400 (E.D. Mich. 1997). . . . . . . . . . . . . . . . .10

*Hy King Associates, Inc.* v. *Versatech Mfg. Industries, Inc.*,
    826 F.Supp. 231 (E.D. Mich. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pierson Sand & Gravel, Inc.* v. *Pierson Twp.*, 851 F.Supp. 850, *affirmed*,
    89 F.3d. 835 (W.D.Mich. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

**Court Rules:**

Fed.R.Civ.P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4-5

**Other:**

56 *Moore's Federal Practice*, §56.11[3] (Matthew Bender 3d ed.). . . . . . . . . . . . . . . . . . . . . . . . .6

## STATEMENT OF QUESTIONS PRESENTED

I.   Should this Court enter Partial Summary Judgment in favor of the PPI Defendants requiring the immediate payment of the Inflation Guard Payment when such Payment is expressly defined by, and must be computed according to the formula contained in the Insurance Policy, and there is only a single combined blanket Limit of Insurance stated in the Insurance Policy?

II.  Should this Court construe any ambiguity in the Insurance Policy language against Transportation when Transportation drafted such language and is attempting to use any such ambiguity to its advantage against PPI Defendants?

III. Should this Court enter Partial Summary Judgment in favor of the PPI Defendants requiring the immediate payment of $40,000 to PPI Defendants when Transportation has admitted that such amount is now due and has been due PPI Defendants under the Insurance Policy?

IV.  Should this Court issue an order that requires that any further payments by Transportation under the Insurance Policy be made to PPI Defendants directly and not into any court escrow account, when the escrow account previously maintained by the Court has been closed, all remaining amounts previously held in such account have been distributed to PPI Defendants, and this Court has already determined that no other party has any claim to proceeds due PPI Defendants under the Insurance Policy?

## STATEMENT OF CONTROLLING AUTHORITY

The determination of this Motion is governed by Fed.R.Civ.P. 56, as well as the case law cited herein.

# INDEX OF EXHIBITS

Exhibit A:      Complaint of Transportation Insurance Company (without exhibits)

Exhibit B:      June 5, 2000 Letter from Alan Gregory, Esq., counsel for Transportation Insurance Company

Exhibit C:      Insurance Policy (excerpted), with Certification from CNA Insurance Company

Exhibit D:      Sworn Statement In Proof of Loss

Exhibit E:      October 27, 1999 Letter from Gilbert Tognarelli, CNA Insurance Company

## INTRODUCTION

Although a fire destroyed the business of Production Plating, Inc. ("PPI") on October 12, 1999, the actions and positions taken by Transportation Insurance Company ("Transportation"), as well as the other parties in this case, against PPI, Valentine Investments, L.L.C. ("Valentine"), and Jonathan and Paulette Egle (the "Egles" and, together with PPI and Valentine, the "PPI Defendants"), have accomplished nothing short of the utter devastation of the PPI Defendants.

Specifically, instead of paying the Limit of Insurance to PPI Defendants outright as required by the Insurance Policy (as defined below), Transportation filed this interpleader action (*See*, attached Exhibit "A," the "Complaint") against PPI Defendants seeking to be discharged from any further obligation under the Insurance Policy and joined several parties with no right to the insurance funds as having "potentially" some claim to the proceeds.  Although Transportation deposited the property damage Limit of Insurance amount with the Court, Transportation then refused to pay PPI Defendants the (1) the "Inflation Guard Payment" (as defined below); and (2) $40,000.00 in undisputed and remaining amounts due the PPI Defendants for certain property damage claims.[1] Transportation has also declared that any payments, when made, would be deposited with the Court, even though the escrow account originally established by the Court has been closed.

### A.    *The Insurance Policy and the Limit of Insurance*

---

[1]

Transportation does not dispute that the $40,000.00 payment is due PPI Defendants, but to date has refused to pay that amount to them.  Transportation has stated it would only pay that amount if PPI Defendants would agree to strike certain paragraphs from their counterclaim against Transportation, and that the amount would be escrowed with the Court.  *See*, Exhibit "B," Letter from Counsel for Transportation dated June 5, 2000.

-1-

Effective as of October 17, 1998, PPI was the named insured on a blanket limit general commercial insurance policy, Policy #MA-136720400 (excerpted and attached as Exhibit "C" and incorporated herein by reference, the "Insurance Policy"). The Insurance Policy covered the building and personal property located at 23120 Gratiot Avenue, Eastpointe, Michigan at the time of the fire on October 12, 1999, subject to a blanket combined building/personal property Limit of Insurance (as defined in the Insurance Policy) of $3,066,000.00.[2]

## B.    *The Inflation Guard Coverage*

In Section G, subsection 2, the Insurance Policy defines the Inflation Guard coverage payable by Transportation:

> **2. Inflation Guard**
>
> **a.**    The Limit of Insurance for property to which this Optional Coverage applied will automatically increase by the annual percentage shown in the Declarations.
>
> **b.**    The amount of the increase will be:
>
> > **(1)**    The Limit of Insurance that applied on the most recent of the policy inception date, the policy anniversary date, or any other policy change amending the Limit of Insurance, times
> > **(2)**    The percentage of annual increase shown in the Declarations, expressed as a decimal (example: 8% is .08), times
> > **(3)**    The number of days since the beginning of the current policy year or the effective date of the most recent policy change amending the Limit of Insurance, divided by 365.

---

[2]
The Insurance Policy states that the "Limit of Insurance" is shown on the Declarations page, which provides that the Limit of Insurance was $3,196,000.00. The Limit of Insurance was later amended after the inception of the Insurance Policy to remove an insured location in the amount of $130,000.00, resulting a revised Limit of Insurance of $3,066,000.00 (which has already been paid by Transportation into the court escrow account and has since been distributed by the Court). *See*, Exhibit "A," at pp. 1-2.

**Example:**

**If:**     The applicable Limit of Insurance is $100,000
             The annual percentage increase is 8%
             The number of days since the beginning of the policy year (or last policy
             change) is 146.
The amount of increase is $100,000 x .08 x 146 ÷ 365=$3,200

In this case, the applicable Limit of Insurance was $3,066,000, the annual percentage rate stated in the Declarations is 8%, and the number of days since the beginning of the policy year was 360 days. As a result, the amount due to PPI Defendants for the Inflation Guard Payment under the formula (and per the example contained in the Insurance Policy) is $241,920. Even though the calculations are clear under the terms of the Insurance Policy, and PPI has submitted a Sworn Statement in Proof of Loss[3] detailing PPI's loss which is substantially in excess of the Limit of Insurance, Transportation has refused to pay the amount due, even though repeated demands have been made for payment.

### C. The Court Escrow Account

On February 9, 2000, the Court entered an order that allowed Transportation to deposit the $3,066,000 Limit of Insurance with the Court in an escrow account.[4]   Then, on February 11, 2000, a distribution from the escrow account was made to Comerica Bank in settlement of the amounts due Comerica in the amount of $2,223,045.51, by stipulated order. Then, on May 10, 2000, after having determined that only the PPI Defendants were entitled to the insurance proceeds, the Court ordered

---

[3]
The Sworn Statement is attached as Exhibit "D."

[4]
The amount actually deposited by Transportation was $2,866,000, which is equal to the total Limit of Insurance less a previous $200,000 advance made to PPI.

-3-

that the remaining amounts in the escrow account, with the exception of $250,000 to pay for the demolition of PPI's damaged building, be paid immediately to PPI Defendants. On June 21, 2000, after the demolition was complete, $150,000 of the escrowed amount was paid to the demolition contractor, with the remainder paid to the PPI Defendants. Counsel for PPI Defendants was then advised that the escrow account was closed.

Based on the terms of the Insurance Policy, the PPI Defendants request that this Court enter partial summary judgment in their favor on the Complaint of Transportation as a matter of law pursuant to Fed.R.Civ.P. 56, and require that Transportation pay both amounts to PPI Defendants directly forthwith, plus interest from the date of the claims through the date of actual payment, along with a reasonable attorney fee for having to pursue payment through this Motion.

## ARGUMENT

**A.     Standard of Review**

Fed.R.Civ.P. 56 governs the determination of motions for summary judgment and provides, in pertinent part:

> **(a)     For Claimant.** A party seeking to recover upon a claim, counterclaim,, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

> **(b)     For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

> **(c)     Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing

-4-

may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d)    **Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e)    **Form of Affidavits; Further Testimony; Defense Required.** (...) When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
(...)

Facts are not "genuinely" disputed unless the factual conflict between movant and non

movant requires a trial of the case for resolution. As the United States Supreme Court stated in the

1986 *Liberty Lobby*[5] opinion:

[The] inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be resolved in favor of either party. [*Liberty Lobby*, 477 U.S. 242, 250].

Lower courts have repeated this test hundreds of times during the intervening decade. *See*, 56

---

[5]*Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Moore's Federal Practice*, §56.11[3] (Matthew Bender 3d ed.). Judgment should be entered for the movant if the facts and law will support only one reasonable conclusion. *Liberty Lobby*, 477 U.S. 242, 249-250. An adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The adverse party's response must set forth specific facts showing that there is a genuine issue for trial, and not just assertions. *Id.* Courts employ the normal summary judgment standard in making a partial summary judgment ruling resolving certain claims or establishing facts. The failure to demonstrate that there is a genuine issue of material facts as it relates to a particular claim or aspect of a claim may therefore support a ruling eliminating that issue from the litigation. *Calpetco 1981* v. *Marshall Exploration, Inc.*, 989 F.2d 1408 (5th Cir. 1993). Based on this standard as applied to the facts of this case, this Court should proceed to enter partial summary judgment in favor of the PPI Defendants.

**B.    THE INFLATION GUARD PAYMENT IS DEFINED BY THE INSURANCE POLICY, AND THIS COURT SHOULD RENDER PARTIAL SUMMARY JUDGMENT IN FAVOR OF THE PPI DEFENDANTS.**

Although Transportation has attempted to manipulate the clear provisions of its own Insurance Policy in order to defeat PPI Defendants' claim for the Inflation Guard Payment, this Court should proceed to enter partial summary judgment in favor of PPI Defendants as a matter of law based on the plain meaning of the policy language. Under Michigan law, courts cannot change the terms of a contract or supply material provisions absent from clear and unambiguous writing. *Hy King Associates, Inc.* v. *Versatech Mfg. Industries, Inc.*, 826 F.Supp. 231 (E.D. Mich. 1993). Where the words of an express contract are unambiguous, the contract must be enforced according to its

-6-

written terms and the intent of the parties will be ascertained according to the plain sense and meaning of those terms. *Commercial Movie Rental, Inc.* v. *Larry Eagle, Inc.*, 738 F.Supp. 227 (W.D. Mich. 1988). Under Michigan law, contract language is to be given its ordinary and plain meaning as defined in the contract, rather than a technical or strained meaning. *Comerica Bank* v. *Lexington Insurance Co.*, 3 F.3d. 939 (6th Cir. 1996). Contracts which are unambiguous are not open to construction or interpretation and must be enforced as written. *Pierson Sand & Gravel, Inc.* v. *Pierson Twp.*, 851 F.Supp. 850, *affirmed*, 89 F.3d. 835 (W.D. Mich. 1994). If a contract's language is clear, then its meaning is a question of law. *Cochran* v. *Ernst & Young*, 758 F.Supp. 1548 (E.D. Mich. 1991).

This Court should proceed to enforce the Insurance Policy as written and pursuant to the clear, plain meaning of the defined terms of the Policy. As stated above, the Inflation Guard Payment is calculated by using a formula stated in the Insurance Policy. The parties agree that the interest rate is 8% and that the number of days relevant to the formula is 360 days.[6] Necessary to complete the computation, a determination must also be made regarding the amount which represents the "Limit of Insurance." There is only one "Limit of Insurance" in the Insurance Policy: $3,066,000. This is the amount that Transportation paid (less a credit for an advance to PPI) into escrow with the Court, and for which Transportation requested that this Court determine that it had paid the policy limit and should be absolved of any further liability under the Insurance Policy. This is also the amount that is listed on the Declarations page, as defined by Section C of the Insurance

---

[6] The fire took place on October 12, 1999 – 5 days before the expiration of the Insurance Policy.

Policy. The only correct response under the clear language of the Insurance Policy to the question "What is the Limit of Insurance under the Insurance Policy?" is: $3,066,000.

In its effort to limit the Inflation Guard Payment, Transportation has postulated a twisted and strained reading of the Insurance Policy which is not supported by the clear language of the Insurance Policy or the purpose of the Inflation Guard Payment. According to Transportation's theory, the Limit of Insurance on the Declarations Page is inapplicable to the Inflation Guard Payment calculation because Transportation claims the Inflation Guard coverage was only purchased for the "Buildings" and not personal property. Transportation then posits that the Inflation Guard Payment should be based only on the replacement value of the Gratiot Avenue building only, even thought that value or amount is unknown and is not stated anywhere in the Insurance Policy. Transportation's "position" is nothing more than an after-the-fact tactic to avoid making any further payments to PPI Defendants.

Also, nowhere in the Insurance Policy is the term "Limit of Insurance" defined in terms of replacement value, required to be calculated differently for purposes of the Inflation Guard coverage or for policies that are issued by Transportation with a combined aggregate Limit of Insurance for real and personal property. Transportation's manipulation of the Policy language would also defeat the purpose of the Inflation Guard Payment, which is to protect PPI Defendants from the decrease in value of the amount due under the Policy because of inflationary effects (here, the total combined blanket aggregate limit of the Policy).

Interestingly, as shown by its denial letter, Transportation apparently agrees that the Limit of Insurance is $3,066,000, but wishes to impose other conditions not appearing in the definition or

-8-

required formula stated in the Insurance Policy for the Inflation Guard Payment. In its letter dated October 27, 1999, Transportation stated that: "Hypothetically, if the building value amounted to $3,066,000, then the Inflation Guard percentage [8%] would apply to that number." *See*, attached Exhibit "E," Letter from Transportation dated October 27, 1999. After acknowledging that the Limit of Insurance is $3,066,000, Transportation then proceeds to deny PPI's request for payment unless the building value (excluding any personal property) was $3,066,000. In essence, Transportation contends that the Inflation Guard formula, as stated in the Insurance Policy, only applies to the Limit of Insurance if both personal property and the building were selected for such coverage. However, the Inflation Guard definition does not contain any such qualification, and expressly requires that the Inflation Guard payment be calculated using the Limit of Insurance (which is necessarily $3,066,000) as a function of 8% and the number of days since inception of the policy to the date of the loss. There is no separate Limit of Insurance for the building and another for the personal property: there is <u>only one Limit of Insurance</u>. Transportation cannot "edit" into the Policy language a replacement value or other concept to reduce the coverage and, if Transportation wished to limit the application of the Inflation Guard payment, it had every opportunity to express such a limitation clearly in its policy language. In fact, in another section of the Insurance Policy – the Ordinance or Law Coverage Endorsement – Transportation did, in Section D, subsection 4, modify the applicability of the Limit of Insurance regarding that particular endorsement: "If a Blanket Limit of Insurance is shown for Coverages . . . . with respect to the building property that is subject to the blanket limit . . . . the following loss payment provisions apply instead . . . ." *See*, Exhibit C, p.9 of Excerpted Exhibit. If Transportation had intended that any limitation or exception be made for the

-9-

Inflation Guard Payment or Limit of Insurance in a blanket combined single Limit of Insurance policy such as at issue here, Transportation should have done so at inception instead of attempting to "sandbag" its insured in their hour of need after the loss has occurred and they have relied on the coverage as stated in the Insurance Policy.

Again, there is only one Limit of Insurance: $3,066,000, and this Court should render partial summary judgment in favor of PPI Defendants and order Transportation to honor their Insurance Policy as written and pay the $241,920 due as the Inflation Guard Payment.

**C.      ANY AMBIGUITY IN THE INSURANCE POLICY LANGUAGE MUST BE CONSTRUED AGAINST TRANSPORTATION.**

A review of Transportation's position reveals that, even if this Court were to consider Transportation's distorted interpretation of the Insurance Policy (which it should not), Transportation would, at most, create a potential ambiguity in the interpretation of policy language that was <u>written by Transportation itself</u>. This Court should not countenance any attempt by Transportation to defeat coverage and the clear terms of the Insurance Policy based on any ambiguity that Transportation created in its own documents. Under Michigan law, contract language (if ambiguous) is to be construed against the drafter, which is Transportation. *Cook* v. *Little Caesar Enterprises, Inc.*, 972 F.Supp. 400 (E.D. Mich. 1997). This principle of contract law is so well established that it cannot be disputed. The clear terms of the Insurance Policy regarding the Inflation Guard Payment require the payment of $241,920 to the PPI Defendants.

**D.      THERE IS NO DISPUTE THAT THE $40,000 IS IMMEDIATELY DUE TO PPI DEFENDANTS AND NO BASIS EXISTS TO PAY ANY AMOUNTS INTO ESCROW.**

-10-

Transportation itself has acknowledged in writing that $40,000[7] is due and payable to PPI Defendants, but has refused to pay the amount due until PPI Defendants agree to strike certain paragraphs from their counterclaim. Certainly, there is no such requirement in the Insurance Policy. Also, Transportation has stated that, even if the payment was made, that they would make the payment into the court escrow account instead of to PPI Defendants directly. To direct any payment under the policy due to the PPI Defendants through the Court would serve no purpose whatsoever other than to force PPI Defendants to incur additional legal expenses and burden the Court with motions and orders to retrieve the funds from escrow – even though PPI Defendants have been entitled to the payment outright since last year. This Court should immediately proceed to enter an order that the $40,000 (as well as the Inflation Guard Payment) be paid immediately to PPI Defendants <u>directly</u>.

## CONCLUSION

For all of the foregoing reasons, PPI Defendants respectfully request that this Court issue an order that:

A. Grants partial summary judgment to the PPI Defendants on the Complaint of Transportation;

B. Requires Transportation to pay directly to PPI Defendants the sum of $241,920 and

---

[7] Although Transportation claims that only $40,000 remains payable to PPI Defendants for PPI's property damage claims, PPI Defendants are seeking to verify whether the payment of that amount will satisfy PPI's property damage claims in full. However, this Court should proceed to order that the $40,000 which Transportation acknowledges it owes to PPI Defendants be paid immediately, without prejudice to any remaining rights or claims of PPI Defendants under the Insurance Policy.

-11-

$40,000, for a total due the PPI Defendants of $281,920, in payment of the Inflation Guard Payment and the undisputed portion of the property damages claims payments due, plus interest at the judgment interest rate from the date of the claim for such payment until payment is made, and plus a reasonable attorney fee of $1,500.00 for having to pursue payment through this Motion, along with any other relief this Court considers appropriate under the circumstances.

Respectfully Submitted,

Robert M. Carson (P11682)
Michelle C. Didorosi (P48768)
Kirk C. Herald (P60657)
Attorneys for Defendants,
Valentine Investments, L.L.C.,
Production Plating, Inc. and
Jonathan and Paulette Egle, Only
300 East Maple Road, Third Floor
Birmingham, Michigan 48009
(248) 644-4840

Date: September 13, 2000

-12-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE COMPANY,
a foreign corporation,

       Plaintiff,

vs

VALENTINE INVESTMENTS, L.L.C.,
PRODUCTION PLATING, INC., a Michigan
corporation, JONATHAN and PAULETTE EGLE,
UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY, M. L. CHARTIER, INC., a Michigan
corporation, CITY OF EASTPOINTE, GLOBE MIDWEST/
ADJUSTERS INTERNATIONAL, a Michigan corporation,

      Defendants.

Civil No. 00-70189
Hon. Bernard A. Friedman
Magistrate Judge

NOTICE OF HEARING

_____

| | |
|---|---|
| Alan G. Gregory (P28486)<br>Attorney for Plaintiff<br>Gregory and Meyer, P.C.<br>340 East Big Beaver, Suite 520<br>Troy, Michigan 48083<br>(248) 689-3920 | Robert J. Hribar (P15195)<br>Attorney for City of Eastpointe<br>16931 Nineteen Mile Road<br>Clinton Township, Michigan 48038<br>(810) 263-1600 |
| Beth S. Gotthelf (P38951)<br>Attorney for City of Eastpointe<br>2000 Town Center, Suite 1500<br>Southfield, MI 48075<br>(248) 351-3590 | Timothy S. Ferrand (P38583)<br>Co-Counsel for City of Eastpointe<br>Cummings, McClorey, David & Acho<br>25509 Kelly Road, Suite C<br>Roseville, Michigan 48066<br>(810) 775-5200 |
| Sheila H. Gaskell (P45743)<br>U.S. Dept. of Justice<br>U.S. Attorney's Office<br>Attorneys for Defendant, United States<br>Environmental Protection Agency<br>211 West Fort Street, Suite 2300<br>Detroit, Michigan 48226<br>(313) 226-9501 | Christine Liszewski<br>Associate Regional Counsel for Defendant<br>U. S. Environmental Protection Agency<br>Mail Code C-14J<br>77 West Jackson Boulevard<br>Chicago, Illinois 60604<br>(312) 886-4670 |

-1-

Robert M. Carson (P11682)
Michelle C. Didorosi (P48768)
Attorneys for Defendants,
Valentine Investments, L.L.C.,
Production Plating, Inc. and
Jonathan and Paulette Egle, Only
Carson Fischer, P.L.C.
300 East Maple Road, Third Floor
Birmingham, Michigan 48009
(248) 644-4840

Sonja L. Peterson
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
(202) 514-5293

Mark L. Dailey (P28793)
Attorney for Defendant Globe Midwest/
Adjusters International
Melamed & Dailey, P.C.
26611 Woodward Avenue
Huntington Woods, Michigan 48070
(248) 591-5000

Stanley A. Prokop (P19114)
Attorney for Transportation Insurance Co.
Plunkett & Cooney
243 W. Congress, Suite 800
Detroit, MI 48226
(313) 983-4816

Peter A. Jackson (P35528)
Peter D. Holmes (P4100)
Edward J. Hood (P42953)
Co-Counsel for Defendant,
M.L. Chartier, Inc.
Clark Hill, PLC
500 Woodward Avenue, Suite
Detroit, Michigan 48226-3435
(313) 965-8300

Mark A. Fullmer (P448509)
David C. Devendorf (P25255)
Attorneys for Defendant,
M.L. Chartier, Inc.
Davidson, Staiger and Hill, P.C.
Maccabee Building
901 Huron Avenue
Port Huron, Michigan 48060-3706
(810) 985-8171

## NOTICE OF HEARING

TO:   Clerk of the Court and all Counsel of Record

-2-

PLEASE TAKE NOTICE that Defendants', Production Plating, Inc., Valentine Investments, L.L.C., Jonathan and Paulette Egle, Motion For Partial Summary Disposition will be heard on a date and time to be scheduled by this Court.

CARSON FISCHER, P.L.C.

*Michelle C. Didorosi* (6F P)
Michelle C. Didorosi (P48768)
Attorneys for Defendants Production
Plating, Inc., Valentine Investments, L.L.C.,
Jonathan and Paulette Egle Only
300 East Maple Road, Third Floor
Birmingham, Michigan 48009
(248) 644-4840

Dated: September 12, 2000

-3-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE COMPANY,
a foreign corporation,

Plaintiff,

vs

VALENTINE INVESTMENTS, L.L.C.,
PRODUCTION PLATING, INC., a Michigan
corporation, JONATHAN and PAULETTE EGLE,
UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY, M. L. CHARTIER, INC., a Michigan
corporation, CITY OF EASTPOINTE, GLOBE MIDWEST/
ADJUSTERS INTERNATIONAL, a Michigan corporation,

Defendants.

Civil No. 00-70189
Hon. Bernard A. Friedman
Magistrate Judge

**PROOF OF SERVICE**

Alan G. Gregory (P28486)
Attorney for Plaintiff
Gregory and Meyer, P.C.
340 East Big Beaver, Suite 520
Troy, Michigan 48083
(248) 689-3920

Robert J. Hribar (P15195)
Attorney for City of Eastpointe
16931 Nineteen Mile Road
Clinton Township, Michigan 48038
(810) 263-1600

Beth S. Gotthelf (P38951)
Attorney for City of Eastpointe
2000 Town Center, Suite 1500
Southfield, MI 48075
(248) 351-3590

Timothy S. Ferrand (P38583)
Co-Counsel for City of Eastpointe
Cummings, McClorey, David & Acho
25509 Kelly Road, Suite C
Roseville, Michigan 48066
(810) 775-5200

Sheila H. Gaskell (P45743)
U.S. Dept. of Justice
U.S. Attorney's Office
Attorneys for Defendant, United States
Environmental Protection Agency
211 West Fort Street, Suite 2300
Detroit, Michigan 48226
(313) 226-9501

Christine Liszewski
Associate Regional Counsel for Defendant
U. S. Environmental Protection Agency
Mail Code C-14J
77 West Jackson Boulevard
Chicago, Illinois 60604
(312) 886-4670

-1-

Robert M. Carson (P11682)
Michelle C. Didorosi (P48768)
Attorneys for Defendants,
Valentine Investments, L.L.C.,
Production Plating, Inc. and
Jonathan and Paulette Egle, Only
Carson Fischer, P.L.C.
300 East Maple Road, Third Floor
Birmingham, Michigan 48009
(248) 644-4840

Sonja L. Peterson
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
(202) 514-5293

Mark L. Dailey (P28793)
Attorney for Defendant Globe Midwest/
Adjusters International
Melamed & Dailey, P.C.
26611 Woodward Avenue
Huntington Woods, Michigan 48070
(248) 591-5000

Stanley A. Prokop (P19114)
Attorney for Transportation Insurance Co.
Plunkett & Cooney
243 W. Congress, Suite 800
Detroit, MI 48226
(313) 983-4816

Peter A. Jackson (P35528)
Peter D. Holmes (P4100)
Edward J. Hood (P42953)
Co-Counsel for Defendant,
M.L. Chartier, Inc.
Clark Hill, PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300

Mark A. Fullmer (P448509)
David C. Devendorf (P25255)
Attorneys for Defendant,
M.L. Chartier, Inc.
Davidson, Staiger and Hill, P.C.
901 Huron Avenue
Port Huron, Michigan 48060-3706
(810) 985-8171

## PROOF OF SERVICE

The undesigned, being duly sworn, certifies that she served papers as follows:

1.   Document(s) served:   Motion of Production Plating, Inc., Valentine Investments, LLC, Jonathan and Paulette Egle, For Partial Summary Disposition; Brief In Support of Motion For Partial Summary Disposition of Production Plating, Inc., Valentine Investments, LLC, Jonathan and Paulette Egle; Notice of Hearing and Proof of Service

-2-

2.     Served upon:                     Alan G. Gregory, Esq.
                                        Gregory & Meyer, P.C.
                                        340 East Big Beaver, Suite 520
                                        Troy, Michigan 48084

                                        Beth S. Gotthelf, Esq.
                                        2000 Town Center, Suite 1500
                                        Southfield, Michigan 48075

                                        Sheila H. Gaskell, Esq.
                                        U. S. Dept of Justice
                                        U. S. Attorneys Office
                                        211 West Fort Street, Suite 2300
                                        Detroit, Michigan 48226

                                        Robert J. Hribar, Esq.
                                        16931 Nineteen Mile Road
                                        Clinton Township, Michigan 48038

                                        Timothy S. Ferrand, Esq.
                                        Cummings, McClorey, David & Acho
                                        25509 Kelly Road, Suite C
                                        Roseville, Michigan 48066

                                        Christine Liszewski, Esq.
                                        U.S. Environmental Protection Agency
                                        Mail Code C-14J
                                        77 West Jackson Boulevard
                                        Chicago, Illinois 60604

                                        Mark L. Dailey, Esq.
                                        Melamed & Dailey, PC
                                        26611 Woodward Avenue
                                        Huntington Woods, Michigan 48070

                                        Edward J. Hood, Esq.
                                        Clark Hill, PLC
                                        500 Woodward Avenue, Suite 3500
                                        Detroit, Michigan 48226-3435

Sonja L. Peterson, Esq.
Environmental Enforcement Section/
Environment & Natural Resources Div.
U. S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611

Stanley A. Prokop, Esq
Plunkett & Cooney
243 West Congress, Suite 800
Detroit, Michigan 48226

Mark A. Fullmer, Esq.
Davidson, Staiger and Hill, P.C.
Maccabee Building
901 Huron Avenue
Port Huron, Michigan 48060-3706

3.     Method of Service:          (X) First Class Mail
                                    ( ) Certified Mail
                                    ( ) Hand Delivered
                                    ( ) Facsimile Transmission

4.     Date of Service:            September 13, 2000

I declare that the statements above are true to the best of my information, knowledge and belief.

Susan M. Reiley

-4-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED